IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TYRONE B. GREEN, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | CASE NO.: 5:15-CV-148-CAR-MSH |
| TRACEY LUMPKIN, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER

Plaintiff Tyrone B. Green, a prisoner who is incarcerated at Baldwin State Prison in Hardwick, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. His motion to proceed *in forma pauperis* (ECF No. 2) is therefore **DENIED**, and this action is **DISMISSED without prejudice**. Plaintiff has also filed two motions to appoint counsel. These motions are likewise **DENIED.**

I.   Motions to Appoint Counsel

Plaintiff has moved for the appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether

legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff is an experienced *pro se* litigant, as noted below, who has filed his complaint on a standard § 1983 form. The Court is now required to review the Complaint to determine whether Plaintiff's allegations should proceed for further factual development. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motions to appoint counsel (ECF Nos. 5 & 6) are accordingly **DENIED**.[1]

## II.   Motion to Proceed *in forma pauperis*

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff's second motion to appoint counsel also requested "paper work for a Temporary Restraining Order" or requested that the Court "fill it for me on Tracey Lumpkin, et al. Defendant." (Mot. to Appoint Counsel 1-2, ECF No. 6.) Plaintiff has failed to offer any explanation as to why he requires a temporary restraining order as to Defendant Lumpkin or any other Defendant. To the extent Plaintiff's request can be construed as a motion for a temporary restraining order, it is therefore **DENIED**. *See* Fed. R. Civ. P. 65.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that more than three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Green v. Taylor*, ECF No. 6 in Case No. 5:14-CV-00303-CAR-CHW (M.D. Ga. Sept. 11, 2014) (dismissed on three strikes grounds and for abuse of the judicial process); Order Dismissing Compl., *Green v. Douglas Police Dep't*, ECF No. 13 in Case No. CV514-024 (S.D. Ga. June 23, 2014) (dismissed on statute of limitations grounds); *Green v. Sedgwick-Pligrain Pride*, ECF No. 8 in Case No. CV514-009 (S.D. Ga. Mar. 6, 2014) (dismissed for failure to state claim); Order Dismissing Compl., *Green v. Major Bennett*, ECF No. 11 in Case No. CV599-029 (May 21, 1999) (dismissed for failure to exhaust administrative remedies)**.**[2] Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

---

[2]In *Rivera v. Allin*, the Eleventh Circuit explained that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon

3

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff alleges that Defendants have refused to transfer him to a transitional center from January 2015 until the present date. He states that he is eligible for a transfer and that Defendants have lied to him about whether and when he will be referred for a transfer. (Compl. 5-6, ECF No. 1.) Nowhere in Plaintiff's Complaint does he allege that he is in imminent danger of serious physical injury. The Court thus finds that Plaintiff has failed to demonstrate how he is now entitled to proceed *in forma pauperis* despite his three strikes.

---

which relief may be granted." 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007). Therefore, a dismissal without prejudice for failure to exhaust counts as a strike under 28 U.S.C. § 1915(g). *See id.* A dismissal on statute of limitations grounds also constitutes a dismissal for failure to state a claim and likewise counts as a strike. *See Jones*, 549 U.S. at 215 ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). And finally, a dismissal for abuse of the judicial process "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera*, 144 F.3d at 731.

Plaintiff will therefore not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

As discussed above, Plaintiff may not proceed *in forma pauperis* in this action, so his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED without prejudice**. Plaintiff's motions to appoint counsel (ECF Nos. 5 and 6) are also **DENIED.** If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED**, this 14th day of July, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE